# EXHIBIT B



Bradley S. Dion
*Account Executive*
*Strategic Resolution Group, Baltimore*

(443) 353-1333
(443) 353-1311 (fax)
BDION@travelers.com

111 Schilling Rd.
Hunt Valley, MD 21031

SENT VIA CERTIFIED MAIL– RETURN RECEIPT REQUESTED

October 1, 2019

Mr. Peter D. Protopapas, Esq.
Rikard & Protopapas, LLC
1329 Blanding St.
Columbia, SC 29201

RE:   Alleged Policyholders:          Southern Insulation, Inc., Dover
                                      Insulation and Piedmont Insulation
       Lawsuits:                      See "Attachment A"

Dear Mr. Protopapas,

Please allow this to serve as a follow-up to previous correspondence that I have sent to you regarding the Lawsuits. We have completed our investigation and records search for any potentially applicable policies allegedly issued by a Travelers related company to Southern Insulation, Inc. ("Southern Insulation"), in relation to the above referenced lawsuits ("Lawsuits") and were unable to locate or identify any such policies. Accordingly, we cannot confirm a duty to defend or indemnify Southern Insulation with respect to the Lawsuits.

As you are aware, the plaintiffs in the Lawsuits allege injuries resulting from exposure to asbestos and/or asbestos-containing products mined, manufactured, processed, produced, distributed, used and/or sold by various defendants, including Southern Insulation. As a result of their alleged exposures the plaintiffs have contracted asbestos related diseases including mesothelioma and lung cancer.

In your tender to us, you provided two certificates of insurances that reference a Manufacturers & Contractors policy number 2 CC002032 purportedly issued by United States Fidelity & Guaranty Company ("USF&G") to Junious Benson Nalley & Jesse Cleveland Smith DBA Southern Insulation for the period of 4/21/1967 - 4/21/1968 (the "Alleged Policy"). The information that you have provided is insufficient to establish the existence, issuance, terms and/or conditions of the Alleged Policy, and our policy search was unable to locate any policy or policy related material corresponding to the Alleged Policy or any potentially applicable policy purportedly issued to Southern Insulation. As we are unable to confirm the existence, issuance, terms and/or conditions of the Alleged Policy or any potentially applicable policy purportedly issued to Southern Insulation, we therefore are unable to confirm a duty to defend or indemnify Southern Insulation under the Alleged Policy or any other policy purportedly issued to Southern Insulation.

Pursuant to your request dated September 23, 2019 we also conducted a search for Workers Compensation Policies 1506296874 and 150296882 purportedly issued by USF&G to Southern Insulation in effect for the period of 2/25/87 to 3/14/89 as well as Workers Compensation Policy 1107240921 purportedly issued by USF&G to Southern Insulation in effect for the period of 2/26/92 to 10/18/92 (the "Alleged Workers Compensation Policies"). Although it is unlikely that

Page 2

workers compensation policies issued during this time period would provide coverage for these lawsuits we have not been able to locate any policies responsive to your further request.

As our investigation has not been able to locate any potentially applicable policies that might have been issued to Southern insulation, we suggest that you search any other potential locations where Southern Insulation may have stored records, including the records of any of its previous agent or brokers who might have retained copies of policies or other documentation which might demonstrate the existence, terms and conditions of any such policies. In the event you are able to locate any additional information through other sources please forward it to my attention for additional review.

Additionally, in your tender to us, you requested copies of any insurance policies or insurance related information for Dover Insulation and Piedmont Insulation. Although these additional entities are not named in the current lawsuits we have initiated a search for any such policies pursuant to your request. However, as it is not apparent  how such entities might relate to Southern Insulation and our review of the Court's order appointing you Receiver does not reference these entities we request that you provide us with the corporate history and transactional documentation that evidences the corporate relationship between these entities and Southern Insulation. In the event these entities are distinct corporate entities, separate from Southern Insulation we request that you provide us with any order that may have been issued with respect to your appointment as Receiver for these entities and/or the corporate transactional documents (which we've previously requested) evidencing their relationship to Southern Insulation so that we may continue our investigation as it relates to these entities.

Neither this correspondence nor any further communication, action, or investigation shall be deemed or construed as creating an expectation of coverage or as a waiver of any of the rights and defenses available to Travelers, including those available under any contracts of insurance which may have been issued to Southern Insulation, Dover Insulation and/or Piedmont Insulation by a Travelers issuing company.  Travelers reserves all rights concerning lost, alleged, and/or unconfirmed, and/or incomplete policies, including, but not limited to, those pertaining to their existence, issuance, terms, conditions and/or completeness.

If you have any questions or would like to further discuss this letter, please contact me at 443-353-1333.

Sincerely,

Bradley Dion
Account Executive
Special Liability Group

Cc (via email):

Mr. Gerald F. Begley
SRG Legal
Travelers
GBEGLEY@travelers.com

Page 3

## Attachment A

Nell Ashworth, individually and as Personal Representative of the Estate of Robert J. Ashworth v. Fisher Controls International, LLC, et al., (including Southern Insulation, Inc.); Court of Common Pleas, Fourteenth Judicial Circuit, Hampton County, SC; C/A No.: 2019-CP-50-00325

Robert E. Aspray v. Armstrong International, Inc., et al., (including Southern Insulation, Inc.); Court of Common Pleas, Fifth Judicial Circuit, Richland County, SC; C/A No.: 2019-CP-40-04667

Betty C. D'Amico, individually and as Executor of the Estate of Julian D'Amico, Jr. v. Air & Liquid Systems Corporation, et al., (including Southern Insulation, Inc.); Court of Common Pleas, Fifth Judicial Circuit, Richland County, SC; C/A No.: 2019-CP-40-05235

James Michael Hill, Jr., as Executor of the Estate of James Michael Hill, Sr., v. Mallinckrodt LLC, et al., (including Southern Insulation, Inc.); United States District Court for the Middle District of North Carolina; Civil Action No. 1:19-cv-00532

Charles T. Hopper and Rebecca Hopper, v. Air & Liquid Systems Corporation, et al., (including Southern Insulation, Inc.); Court of Common Pleas, Fifth Judicial Circuit, Richland County, SC; C/A No.: 2019-CP-40-00076

Richard L. Knight, II as Personal Representative of the Estate of Teddy L. Knight, Sr and Linda Knight, individually, v. Eastman Chemical Company, et al., (including Southern Insulation Company.); Court of Common Pleas, First Judicial Circuit, Orangeburg County, SC; C/A No.: 2019-CP-38-01045

David D. Rollins, v. Air & Liquid Systems Corporation, et al., (including Southern Insulation Company.); Court of Common Pleas, Fourteenth Judicial Circuit, Hampton County, SC; C/A No.: 2019-CP-25-00118

James W. Smith and Frances R. Smith v. Armstrong International, Inc., et al., (including Southern Insulation, Inc.); Court of Common Pleas, Fifth Judicial Circuit, Richland County, SC; C/A No.: 2019-CP-40-04326

Linda J. White, individually and as Personal Representative of the Estate of Lubert F. White, Jr., v. Armstrong International, Inc., et al., (including Southern Insulation, Inc.); Court of Common Pleas, Fifth Judicial Circuit, Richland County, SC; C/A No.: 2019-CP-40-02858