

# BAKER RAVENEL BENDER
### ATTORNEYS AT LAW

William P. Davis
wdavis@brblegal.com
(803) 343-3865 – direct dial

December 9, 2019

**VIA HAND DELIVERY, E-MAIL** jspitz@rplegalgroup.com,
**AND CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
Jescelyn T. Spitz, Esq.
Rikard & Protopapas LLC
1329 Blanding Street
P.O. Box 3610
Columbia, SC  29201

Re:   *Charles T. Hopper & Rebecca Hopper v. Air & Liquid Systems Corporation et al.,*
2019- CP-40-00076 (Common Pleas Ct., Richland County, SC); Subpoena *Duces Tecum* Directed to United States Fidelity and Surety Company, Dated November 25, 2019

Dear Ms. Spitz:

This correspondence is in response to the Subpoena Duces Tecum ("Subpoena") dated November 25, 2019, directed to United States Fidelity and Surety Company ("USF&G"), and apparently issued in connection with the above-captioned action (hereinafter "Lawsuit"). A copy the Subpoena is attached.

USF&G objects to the Subpoena for the following reasons:

1. USF&G objects to the Subpoena because it does not appear to be authorized by South Carolina or Connecticut rules, practice or law.  Issuance of the Subpoena *duces tecum* to a non-party may only issue from the court for the county in which the non-party resides or is employed or regularly transacts business in person. USF&G is a Connecticut corporation with offices in Connecticut.  A Subpoena *duces tecum* to USF&G is only proper if issued by the Connecticut Superior court in the judicial district in which USF&G is located.

    • The Subpoena is not issued by the Connecticut Superior court in the judicial district in which USF&G is located.

    • It does not appear that a commission was issued by the South Carolina court to any party to the Lawsuit, including Southern Insulation, Inc., to

---

BAKER, RAVENEL & BENDER, L.L.P.
www.brblegal.com

mail. PO BOX 8057 | COLUMBIA, SC 29202
shipping. 3710 LANDMARK DRIVE, suite 400 | COLUMBIA, SC 29204
phone. 803.799.9091 | fax. 803.779.3423

> serve a Subpoena on USF&G in Connecticut Superior Court for the judicial district in which USF&G is located.
>
> - It does not appear that a commission, if any, or a proposed Subpoena was ever filed in the Connecticut Superior Court for the judicial district in which USF&G is located.
>
> - It does not appear that the Connecticut Superior Court for the judicial district in which USF&G is located has issued a Subpoena in connection with the Lawsuit, nor has one been served on USF&G.

2. USF&G objects to the Subpoena because it commands production of documents in South Carolina. Any performance commanded by the Subpoena can only be required within the Connecticut judicial district in which USF&G is located, with any objections USF&G lodges to the Subpoena to be resolved by the Connecticut Superior Court in that judicial district. Moreover, none of the requested documents appear to be located in South Carolina.

3. USF&G objects to the Subpoena because it appears to require in part that USF&G provide information beyond production of documents, particularly Request Nos. 20-24. A proper Subpoena *duces tecum* directed to a third-party may only command (i) testimony in court, (ii) deposition testimony, (iii) production of documents and things, or (iv) inspection of premises. On its face, the Subpoena commands production of documents and things, while certain aspects of Exhibit A to the Subpoena seek to have USF&G answer informational questions.

4. USF&G objects to the Subpoena because it requires on its face that USF&G provide a potentially massive number of documents less than 15 days after the USF&G received a copy of the Subpoena. This is not a reasonable time to respond to the Subpoena.

5. USF&G objects to the Subpoena because the vast majority of the requests appear to seek documents, information and testimony not relevant to the claims and/or defenses at issue in the Lawsuit, nor do the requests appear to be reasonably calculated to lead to the discovery of admissible evidence. Based on a review of the complaint, the Lawsuit is not an insurance coverage dispute, and as such, the requested documents regarding "insurance policies" are irrelevant to the subject matter of the Lawsuit and inadmissible therein. Moreover, the Connecticut and South Carolina rules require only production of "insurance agreements," not other insurance-related documents.

6. USF&G objects to the Subpoena because it is vague, ambiguous, and subject to multiple interpretations in that certain requests fail to identify the documents of interest with sufficient particularity, such that USF&G would be forced to guess

what documents are sought. Indeed, the Subpoena contains only one definition – the word "You."

7. USF&G objects to the Subpoena because it is overly broad and will create undue burden and significant, unnecessary expense if USF&G were required to comply. The Subpoena seeks documents generate over a 37-year period that date back more than 60 years. Moreover, the Subpoena is nearly unlimited in scope. It seeks documents stored that, if they exist, may be stored in electronic or other systems that are difficult and expensive to access. It also seeks "workers compensation" documents, "underwriting files," "acquisition, placement, and termination" documents, "claims" files, "Liability Cumulative Analysis" reports, policy numbering documents, "exemplar" policies, "manuals" and guidelines," "search" documents, various memoranda generated between 1984 and 1989, 14 deposition transcripts in other litigation, documents relating to "Glover Brothers," 24 documents described in a 2001 order issued in another case, and various documents referenced in an "expert report" submitted in another case. None of these documents have any bearing on the claims or defenses presented in the Lawsuit.

8. USF&G objects to the Subpoena because the burden or expense of producing the documents sought outweighs any benefit of production.

9. USF&G objects to the Subpoena because it does not provide USF&G the protections afforded by Connecticut and South Carolina rules and law. Parties and their counsel must take reasonable steps to avoid imposing undue burden or expense on third-parties. Any party or attorney breaching this duty is subject to sanctions, including lost earnings and attorney's fees. The party issuing a third-party Subpoena must pay the reasonable costs of reproducing requested documents. A third-party must be protected from significant expense resulting from any inspection and copying commanded. A reasonable time must be afforded any third-party to comply with a Subpoena. The Subpoena may not command production of privileged or protected documents. It also may not subject the third-party to undue burden. Moreover, the third-party need not provide discovery from sources that are not reasonably accessible because of undue burden or cost.

10. USF&G objects to the Subpoena to the extent it seeks documents that refer or relate to "Covil," which appears be an entity unrelated to Southern Insulation. Further, USF&G objects to any aspect of the Subpoena that seeks documents relating to any entity other than Southern Insulation.

11. USF&G objects to the Subpoena's definition of "You" to the extent it seeks to obtain documents that may be in the possession, custody and/or control of entities other than USF&G.

12. USF&G objects to the Subpoena to the extent it seeks documents that contain information protected by the attorney-client privilege, joint defense privilege, work product protection and/or any other applicable privileges and/or protections.

13. USF&G objects to the Subpoena to the extent it seeks documents that are confidential, including documents USF&G is required by law, contract, custom, and/or the reasonable expectations of third parties to maintain as confidential, including information relating to policyholders other than Southern Insulation.

14. USF&G objects to the Subpoena to the extent that it seeks documents that contain proprietary, confidential, and/or trade secret information of USF&G, including underwriting materials and loss runs.

15. USF&G objects to the Subpoena to the extent it assumes facts that are not true or are yet to be proven, including the assertion that USF&G issued any policies of insurance to Southern Insulation.

16. USF&G objects to the Subpoena because it is unreasonably cumulative, duplicative and because some of the documents sought could be obtained more conveniently from other sources, with less burden and/or expense than seeking the documents from USF&G, a non-party to the Lawsuit.

17. USF&G objects to the Subpoena to the extent it seeks to impose a duty or obligation upon USF&G inconsistent with the obligations, if any, imposed on USF&G by Connecticut and/or South Carolina law or rules, any applicable court orders and/or applicable case law.

18. USF&G objects to the Subpoena to the extent it requests documents protected from disclosure by the Constitutions of the State of South Carolina, Connecticut, the United States and/or other applicable privacy laws and statutes.

19. USF&G objects to the Subpoena because, to the extent the Subpoena seeks information concerning whether USF&G issued insurance policies to Southern Insulation, there is a pre-existing insurance coverage action venued in South Carolina within which reasonable discovery can be, and is being, sought, specifically *United States Fidelity and Guaranty Company v. Southern Insulation, Inc.*, No. 6:19-cv-02980-HMH (D.S.C., Columbia Div.).

Subject to and without waiving the foregoing objections, USF&G states that the Lawsuit was previously tendered to USF&G. In response, USF&G denied coverage because, *inter alia*, after conducting a reasonable policy search, USF&G did not locate any policies allegedly issued to Southern Insulation. Although the Subpoena is procedurally and substantively invalid, USF&G is willing to provide copies of potentially-responsive commercial general liability, umbrella and excess policies it may have issued to Southern Insulation, if any, when and if ever located.

This correspondence should not be deemed or construed as a waiver of any of USF&G's rights and/or defenses, all of which USF&G fully reserves. Moreover, nothing herein shall be construed as an admission that any assertion herein or in the Subpoena is admissible evidence or otherwise relevant to any proceeding, or that any document sought by the Subpoena is admissible, nor can USF&G's objections be considered an admission of the truth or accuracy of any fact characterized in the Subpoena. No incidental or implied admissions are intended by USF&G's response and objection.

USF&G does not consider the Subpoena itself or theses objections to constitute evidence of a tender of any claim to USF&G, nor are they evidence of proper or timely notice pursuant to the terms and conditions of insurance policies, if any, issued to Southern Insulation or any other entity.

USF&G reserves the right to amend or supplement its objections to the Subpoena to the extent new, different or additional information, facts or documents become known to USF&G. In the interim, USF&G continues to reserve all rights, defenses, and objections regarding the Subpoena. Moreover, by providing this response, USF&G preserves and does not waive its right to object to any further discovery sought related to the Lawsuit or otherwise, including the taking of USF&G's deposition should that be sought in the future.

Should you wish to discuss this matter further, please do not hesitate to contact me at (803) 343-3865.

Sincerely yours,

*William P. Davis*

William P. Davis
WPD:sr
Enclosures