IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:18-CV-932 |
| COVIL CORPORATION, by and through its duly-appointed receiver, Peter D. Protopapas, et. al., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

In this diversity case, Zurich American Insurance Company seeks declarations as to the scope and limits of its obligations to its insured, Covil Corporation, in lawsuits arising from Covil's sale or installation of asbestos-containing materials. Zurich also sued a North Carolina estate with a judgment against Covil, several North Carolina claimants with pending asbestos lawsuits against Covil, and a number of other insurance companies that may also have provided coverage to Covil. Some of the insurers have filed counterclaims or crossclaims seeking declarations of their coverage obligations.

Covil, acting through a Receiver appointed in South Carolina state court, and the NC claimants move to dismiss the complaint and crossclaims or, in the alternative, to stay this lawsuit or abstain pending resolution of a similar suit instituted by the Receiver in

South Carolina against most of the same insurance companies. Covil[1] contends that the Receiver and South Carolina citizens with claims against Covil that are potentially covered by the insurance policies at issue are all necessary parties to this litigation. Thus, Covil contends, the case should either be dismissed for failure to join indispensable parties or because, if these parties are joined and properly aligned, diversity of citizenship does not exist.

For the reasons that follow, Covil's motions to dismiss and to abstain will be denied. Its alternative motions to stay remain under consideration.

I.   **Background**

For many years, Covil, a South Carolina corporation, sold and distributed insulation products, including products that contained asbestos. *See, e.g.*, *Finch v. Covil Corp.*, -- F. Supp. 3d --, 2019 WL 1934523, at *2–5 (M.D.N.C. May 1, 2019). There are

---

[1] Because the positions of Covil and the NC claimants are aligned on the issues raised in the pending motions, which are the same as to the complaint and crossclaims, the Court will refer to them jointly as "Covil" when discussing their arguments, for ease of reading and simplicity. *See* Doc. 14 (claimants' motion to dismiss the complaint, adopting the grounds asserted in Covil's motion to dismiss at Doc. 8); Doc. 29 (Covil's brief in support of its motion to dismiss TIG's crossclaims, adopting the arguments from its motion to dismiss the complaint); Doc. 35 (Covil's brief in support of its motion to dismiss Sentry's crossclaims, adopting the arguments from its motion to dismiss the complaint); Doc. 37 (Covil's brief in support of its motion to dismiss USF&G's crossclaims, adopting the arguments from its motion to dismiss the complaint). The positions of Zurich and the other insurers are largely aligned in opposition to these motions, although Hartford has not filed any responses. *See* Doc. 26 (USF&G's response in opposition to Covil's motion to stay or dismiss its crossclaims, adopting the grounds asserted in Zurich's response, Doc. 25, to Covil's motion to dismiss the complaint); Doc. 41 (Sentry's response in opposition to Covil's motion to stay or dismiss its crossclaims, adopting the grounds asserted in USF&G's and Zurich's responses); Doc. 42 (TIG's response in opposition to Covil's motion to stay or dismiss its crossclaims, adopting the grounds asserted in Zurich and USF&G's responses). For purposes of this order, the Court refers to the insurers, excluding Hartford, collectively as "Zurich."

2

several personal injury suits against Covil in North and South Carolina relating to the distribution and/or installation of asbestos-containing products. *See, e.g.*, *Mullinax v. Advance Auto Parts, Inc.*, No. 1:16–cv–310 (W.D.N.C. Sept. 19, 2016); *Connor v. Norfolk S. Ry. Co.*, No. 1:17–cv–127 (M.D.N.C. Feb. 15, 2017); *Ellis v. Bridgestone Ams., Inc.*, No. 1:17–cv–942 (M.D.N.C. Oct. 18, 2017); *Whitehead v. Air & Liquid Sys. Corp.*, No. 1:18–cv–91 (M.D.N.C. Feb. 9, 2018); Doc. 8-2 at ¶¶ 19–22. At least two courts—this court and a South Carolina state court—have entered judgments against Covil. *See* Final Amended Judgment, *Finch v. Covil Corp.*, No. 1:16–cv–1077, Doc. 525 (M.D.N.C. May 1, 2019); Doc. 8-2 at ¶ 21.

Covil was dissolved in 1993. Doc. 26-1 at 2. It appears undisputed that Covil has no officers, directors, or employees capable of taking the actions required to obtain counsel or file or defend any lawsuit and that, until recently, three of Covil's insurers—Zurich, Sentry Casualty Company, and United States Fidelity and Guaranty Company—controlled Covil's defense in any underlying asbestos litigation. *See* Doc. 8 at 5–6; Doc. 25 at 2–3; Doc. 26 at 2; Doc. 41 at 1 (adopting Docs. 25 and 26).

In October 2018, after a five-day trial in this Court, a jury awarded $32,700,000 to one of the defendants here, Ann Finch, executor of the estate of Franklin Finch, in a wrongful death suit against Covil. *See* Final Judgment, *Finch*, No. 1:16-cv-1077, Doc. 492.[2] The jury found that Mr. Finch developed mesothelioma as a result of exposure to

---

[2] After post-trial motions, the Court reduced the judgment to $30,353,285. *See* Final Amended Judgment, *Finch*, No. 1:16-cv-1077, Doc. 525.

3

asbestos-containing insulation Covil sold to his employer. *See Finch*, 2019 WL 1934523, at *1, 5–7.

Soon thereafter, in one of the lawsuits against Covil in South Carolina state court, the plaintiffs moved for appointment of a receiver. *See* Doc. 8-1 at 2. On November 2, 2018, the state court appointed a receiver to administer Covil's assets. *See id.* at 2–4 (November 2, 2018 order of Chief Justice Toal).

Four days later, on November 6, 2018, Zurich brought the instant lawsuit in this Court against Covil, other insurers who may provide coverage to Covil, the Finch estate, and several North Carolina citizens who are claimants against Covil or the personal representatives of claimants in asbestos suits in North Carolina federal courts. Doc. 1. The complaint, as well as several counterclaims and crossclaims filed by insurers, seeks declarations limiting and apportioning among the insurers their obligations, if any, to cover Covil's defense costs and indemnify Covil for the *Finch* judgment and potential future judgments relating to its sale of asbestos. *See id.* at ¶¶ 37–57, pp. 11–12 ¶¶ 1–8; Doc. 10 at ¶¶ 81–113, pp. 19–20 ¶¶ (a)–(j); Doc. 12 at ¶¶ 73–99, pp. 12–13 ¶¶ (A)–(K); Doc. 19 at pp. 14–15 ¶¶ 35–43, p. 16 ¶¶ (A)–(E).

On November 21, 2018, the Receiver filed suit on behalf of Covil in South Carolina state court against the insurance companies that are parties here, an additional insurance company,[3] and several South Carolina citizens who are claimants against Covil or the personal representatives of claimants in underlying asbestos suits in South Carolina

---

[3] The company, First State Insurance, is allegedly a "Hartford company." Doc. 8-2 at ¶ 63. Hartford is a defendant in this case. Doc. 1.

state courts.  *See* Doc. 8-2 at ¶¶ 12–22, p. 26.  The complaint asserts breach of contract and bad faith claims against several insurers, requesting as damages that they be held jointly and severally liable for the *Finch* judgment; a claim against the insurers seeking declarations of their coverage obligations under certain policies issued to Covil, specifically as they apply to the underlying asbestos suits; a claim against the SC claimants for a declaration limiting their recovery against Covil in certain ways given that the insurance policies are Covil's only assets; and an "anti-suit injunction" prohibiting Zurich from prosecuting this lawsuit in the Middle District of North Carolina.  *Id.* at ¶¶ 43–76.

On December 6, 2018, Sentry removed the South Carolina case brought by the Receiver to the United States District Court for the District of South Carolina.  *See* Notice of Removal, *Covil Corp. v. Zurich Am. Ins. Co.*, No. 7:18–cv–03291–BHH, Doc. 1 (D.S.C.).  Sentry also filed a motion to realign the parties.  Motion to Realign the Co-Defendants, *Covil Corp.*, No. 7:18-cv-03291-BHH, Doc. 4.  On December 20, Covil moved to remand for lack of subject matter jurisdiction due to a lack of diversity.  Motion to Remand to State Court, *Covil Corp.*, No. 7:18-cv-03291-BHH, Doc. 12.  On June 14, 2019, the district court granted Sentry's motion and realigned the SC claimants as plaintiffs with Covil against the defendant-insurers.  Order, *Covil Corp.*, No. 7:18-cv-03291-BHH, Doc. 67.  Because the realignment established diversity jurisdiction, the Court denied Covil's motion for remand.  *Id.* at 9–10.

The Court will address additional facts as needed in the context of the issues presented.

5

## II.     Covil's Motion to Dismiss for Failure to Join Indispensable Parties[4]

### a.  The Receiver is not a Necessary or Indispensable Party

Covil first maintains that the Receiver is a necessary and indispensable party to this litigation and that Zurich's failure to join the Receiver as a defendant is grounds for dismissal.  Doc. 8 at 11–12.  The burden is on Covil to show that the Receiver is a necessary party.  *Superior Perfs., Inc. v. Ewing*, No. 1:14cv232, 2015 WL 790371, at *4 (M.D.N.C. Feb. 25, 2015).[5]

By statute, South Carolina law provides that a dissolved corporation can sue or be sued in its own name, notwithstanding the fact that it is dissolved.  S.C. Code. § 33-14-105(c)(5).  But there is little, if any, case law discussing how a corporation with no officers, directors, or employees can obtain counsel authorized to act on the corporation's behalf or take the actions required to prosecute or defend a lawsuit.

Covil appears in this lawsuit through the Receiver.  The Receiver filed the pending motions to dismiss on behalf of Covil, which explicitly state that Covil is "acting solely by and through its duly appointed receiver."  Doc. 7 at 1.  The Receiver waived service of process for Covil, Doc. 49, has filed briefs and motions on behalf of Covil, Docs. 7, 8, 28, 29, 34, 35, 36, 37, 40, 62, and counsel for Covil "acting through [the] Receiver of

---

[4] The Court may consider materials outside of the pleadings to determine whether Rule 19 requires joining the Receiver or the SC claimants.  *See, e.g.*, *Direct Supply, Inc. v. Specialty Hosps. of Am., L.L.C.*, 878 F. Supp. 2d 13, 23 (D.D.C. 2012).

[5] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted.  *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

Covil Corporation" has "request[ed] that all pleadings and papers [for Covil] be served" on them. Docs. 56, 57, 58, 60.

Indeed, the parties agree that the Receiver can and is acting on Covil's behalf pursuant to his appointment by the South Carolina court. That order gave the Receiver "the power and authority to fully administer all assets of Covil," including but not limited to "the right and obligation to administer any insurance assets of Covil . . . as well as any claims related to the actions or failure to act of Covil's insurance carriers." Doc. 8-1 at 2; *see also Kirven v. Lawrence*, 137 S.E.2d 764, 768 (S.C. 1964) ("A receiver . . . has no power other than that given him by the Order of appointment."); *In re Fifty-Four First Mortg. Bonds*, 15 S.C. 304, 314 (1881) ("The authority of a receiver rests only in the orders of the court by which he is appointed.").[6] This implicitly but nonetheless clearly includes the authority to obtain and maximize insurance coverage through litigation on Covil's behalf.

As the Receiver is fully participating in this litigation on behalf of Covil, there is little reason to make the Receiver a separate party. "[S]uits against receivers are normally brought against the receivership entity or the property in receivership, not the receiver personally." 2 Business & Commercial Litigation in Federal Courts § 17:87 (4th ed. Nov. 2018 update) (collecting authorities). "A receiver has no unqualified right to appear and defend when he or she has not been made a party, and whether the receiver should be allowed to appear and defend actions is addressed to the sound discretion of the

---

[6] The state court appointed the Receiver pursuant to S.C. Code. § 15-65-10, *see* Doc. 8-1 at 2, which addresses when a receiver may be appointed but not the scope of their powers.

7

court." 75 Corpus Juris Secundum Receivers § 412 (June 2019 update). The Receiver has asserted no interest in the subject of this declaratory judgment action outside his capacity as Covil's Receiver, and there are no claims against him personally or in his capacity as Receiver. Disposing of the action without joining the Receiver as a separate party will not "impair or impede [his] ability to protect" any interest of his or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B). Further, there is no indication that the Court cannot "accord complete relief among the existing parties" without joining the Receiver separately. *Id.* at 19(a)(1)(A). Indeed, the Receiver implicitly acknowledged that he is not a necessary party by instituting a similar action in South Carolina on Covil's behalf without himself participating as a named party. *See* Doc. 8-2 at 2 ("This action is brought by Covil Corporation . . . by and through its duly-appointed receiver.").

The Receiver is not a necessary party separate and apart from Covil. To accurately reflect how Covil appears in this litigation, the Court will *sua sponte* amend the caption to reflect that Covil participates in this suit by and through its duly-appointed receiver, Peter D. Protopapas.

### b. The South Carolina Claimants are not Necessary or Indispensable Parties

Covil next maintains that the South Carolina claimants are necessary and indispensable parties to this litigation under Federal Rule of Civil Procedure 19 and that Zurich's failure to join those individuals as defendants is grounds for dismissal. Doc. 8 at 12–15 (citing Fed. R. Civ. P. 12(b)(7)). The decision under Rule 19(a)

8

> has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them. Account also must be taken of whether other alternatives are available to the litigants.

7 Charles A. Wright et al., Federal Practice and Procedure § 1604 (3d ed. Apr. 2019 update).

Rule 19(a)(1) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party"[7] if one of several circumstances exists. Covil relies on Rule 19(a)(1)(B), *see* Doc. 8 at 13, which requires the joinder of a party who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "impair or impede the person's ability to protect the interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

There is some uncertainty as to whether claimants who do not have a judgment or settlement with Covil have a cognizable interest in this litigation under Rule 19(a)(1)(B).[8]

---

[7] The parties have not addressed whether the SC claimants are subject to service of process. The Court need not address this provision of Rule 19 given its resolution of the issue on other grounds.

[8] *Compare Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (holding a claimant injured by an insured had a sufficient interest in a dispute between the insured and the insurer over whether the underlying suit was covered to justify intervention as of right under Rule 24(a)(2) by the claimant "even when the intervenor's interest is contingent on the outcome of [the underlying] litigation"), *with Black Diamond Girl Scout Council, Inc. v. St. Paul Fire & Marine Ins. Co.*, 621 F. Supp. 96, 98 (S.D. W. Va. 1985) (holding the interests of claimants in underlying actions against the insured who had not yet obtained judgment against the insured did

9

The Court assumes without deciding that the SC claimants do have "an interest relating to the subject of the action," as Zurich seeks declarations of its coverage obligations not only for the underlying North Carolina actions but also for lawsuits pending in other courts outside of North Carolina. *See, e.g.*, Doc. 1 at ¶¶ 31– 33, 35, p. 11 ¶¶ 1, 3.[9] It is undisputed that Covil's only known assets are its insurance policies, Doc. 8-2 at ¶ 69; Doc. 25 at 3, and current and prospective claimants against Covil in South Carolina thus have some interest, even if speculative, in declarations limiting the availability of Covil's insurance coverage.

Assuming their interests in the subject of this action are covered by Rule 19, the next question is whether resolution of this case without the SC claimants may impair or impede their ability to protect their interests. Fed. R. Civ. P. 19(a)(1)(B)(i). Covil has not established that this is the case.

When an insurer brings a declaratory judgment action against its insured, the underlying claimants are usually, but not always, necessary parties to the insurance dispute. *See, e.g.*, *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, No. 11-cv-393-wmc, 2011 WL 13210037, at *1 n.1 (W.D. Wisc. Dec. 21, 2011); *Emp'rs Mut. Cas. Co. v. Witham Sales & Serv., Inc.*, No. 2:08 cv 233, 2009 WL 4281457, at *5 (N.D. Ind. Nov.

---

"not rise to the level of a protectible interest" under Rule 19 in a dispute between the insured and his insurer over prospective coverage for the underlying suits).

[9] Several counterclaims and crossclaims for declaratory relief by insurer-defendants are similarly not limited to underlying actions against Covil in North Carolina, *see, e.g.*, Doc. 10 at ¶¶ 87–88, 109–112; Doc. 19 at p. 15 ¶¶ 39, 41, 43, p. 16 ¶ C, and at least one such claim specifically seeks to limit coverage for a South Carolina lawsuit. *See* Doc. 12 at ¶¶ 83, 85.

10

23, 2009) (collecting cases); *Ga.-Pac. Corp. v. Sentry Select Ins. Co.*, No. 05-CV-826-DRH, 2006 WL 1525678, at *6 (S.D. Ill. May 26, 2006); *see also Winklevoss Consultants, Inc. v. Fed. Ins. Co.*, 174 F.R.D. 416, 418–19 (N.D. Ill. 1997) (noting such cases "raise[] the specter of an uninvolved defendant-insured failing to protect the injured claimant's interests").  There are at least three reasons for this general rule in cases where the insurer sues the insured:

> First, courts presume that the insured defendant will not adequately protect the injured party's interests.  Second, when the insurer seeks a declaration about policy coverage, there is the potential to eliminate a source of funds to compensate the injured party without any input from the injured party.  Third, if the injured party is not joined, it will not be bound by the court's declaration, thus causing this same issue to be relitigated in federal court and thereby reducing judicial efficiency.

*Emp'rs Mut. Cas. Co.*, 2009 WL 4281457, at *6.  Under the specific circumstances of this case, however, these reasons do not apply.  *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 116–18 & n.12 (1968) (noting the Rule 19 inquiry is based on practical considerations "in the context of particular litigation" and there is no "prescribed formula" for determining whether a party is necessary or indispensable); *see also* 7 Wright et al., Federal Practice and Procedure § 1619 (collecting cases and noting the same).

First, other underlying claimants against Covil, the NC claimants, are already parties to this suit and have similar interests to those of the SC claimants:  all want to maximize Covil's insurance coverage so that more money is available to settle claims and to pay current and future judgments against Covil, given its apparent lack of any other assets.  *See* Doc. 8-2 at ¶ 69; Doc. 25 at 3; Doc. 26-1.  That interest is particularly strong

11

for Ms. Finch, who is a party to this litigation. The SC claimants are therefore not solely dependent on Covil to protect their interests.

Second, the presumption that Covil will not protect the interests of the absent claimants is rebutted here. Covil is the plaintiff in a suit pending in South Carolina against the same insurers seeking declarations of coverage as to claims made by the SC claimants and the court in that matter re-aligned the SC claimants as plaintiffs with Covil due to the similarity of their interests. *See* Order, *Covil Corp.*, 7:18–cv–03291–BHH, Doc. 67. Indeed, "[w]hen an insured sues its insurer for a declaration of coverage, the injured party's interest is presumed to be adequately protected, thus making the insured and injured party's interest so sufficiently similar that joinder of the injured party is unnecessary." *Emp'rs Mut. Cas. Co.*, 2009 WL 4281457, at *5. Moreover, Covil acts by and through the Receiver, who is charged with "fully administer[ing]" Covil's insurance assets. Doc. 8-1 at 2. The Receiver's participation in this suit, Covil's aggressive pursuit of its coverage rights in a parallel case, and the similarity of its interests to those of the SC claimants means that Covil's status as a defendant here does not "raise[] the specter of an uninvolved defendant-insured failing to protect the injured claimant's interests." *Winklevoss Consultants*, 174 F.R.D. at 418–19.

Finally, Zurich chose not to attempt to join the SC claimants in this case. It thus bears the risk that those claimants will not be bound by any declaration issued by this Court. *See Emp'rs Mut. Cas. Co.*, 2009 WL 4281457, at *6.

This suit does have the "potential to eliminate a source of funds to compensate" the SC claimants for future judgments or settlements. *Id.* However, for the reasons noted

12

above, their absence from this litigation will not "as a practical matter impair or impede [their] ability to protect" any interest they may have in the subject of this action. *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

Covil makes only a cursory argument to the contrary. It appears to equate having an interest in the subject of this action with being a necessary party. *See* Doc. 8 at 13 ("Zurich has already claimed that the South Carolina asbestos claimants have an interest relating to the subject of this action, thus conceding that they are a necessary party . . . ."). In so doing, Covil focuses only on the first requirement of Rule 19(a)(1)(B) and ignores that it must also show that the SC claimants' absence may, "as a practical matter impair or impede [their] ability to protect their interest." Fed. R. Civ. P. 19(a)(1)(B)(i).[10]

Moreover, if the SC claimants are necessary parties to this suit, as Covil contends, the NC claimants must be necessary parties to the South Carolina suit. Yet Covil did not join the NC claimants when it filed suit in South Carolina state court.[11] *See* Doc. 8-2. An insurer-defendant noted this inconsistency in its brief in opposition to Covil's motion, *see* Doc. 26 at 7, but Covil has provided no explanation for its conflicting positions. *See* Doc. 40. If, as Covil's position suggests, all current or future claimants against Covil are

---

[10] Covil does mention another clause of Rule 19 in passing, *see* Doc. 8 at 13 (citing Rule 19(a)(1)(B)(ii)), but it makes no effort to explain how the absence of the SC claimants would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii).

[11] The standards governing whether a party is necessary under the South Carolina Rules of Civil Procedure are the same as those under Fed. R. Civ. P. 19(a). *See Ex Parte Gov't Emps. Ins. Co.*, 644 S.E.2d 699, 704 (S.C. 2007); S.C. R. Civ. P. 19 note ("This Rule 19(a) is the same as the Federal Rule.").

13

necessary parties to the insurance litigation, there may well be no court with personal jurisdiction over all the claimants,[12] and thus, no forum to resolve these disputes. "It is undoubtedly more important that there be some forum available to determine the substantial claims presented by the complaint than that defendants should face a future of multiple suits." *Glades Pharm., L.L.C. v. Call, Inc.*, No. Civ.A. 04–4259, 2005 WL 563726, at *6 (E.D. Pa. Mar. 9, 2005) (quoting *Potomac Elec. Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486, 492 (D. Md. 1972)); *accord, e.g.*, *Balagiannis v. Mavrakis*, No. 08 C 943, 2008 WL 3009925, at *6 (N.D. Ill. Aug. 5, 2008). Covil has therefore not satisfied its burden under Fed. R. Civ. P. 19(a)(1)(B)(ii).

Covil also makes a passing reference in a reply brief to Rule 19(a)(1)(A) as a basis for finding that the SC claimants are necessary parties. *See* Doc. 40 at 11. Courts are not required to address arguments raised for the first time in a reply brief, *Castillo v. Perritt*, 142 F. Supp. 3d 415, 417 n.1 (M.D.N.C. 2015); *see also* LR 7.3(h), nor is it the Court's responsibility to develop the analysis and legal research needed to support or undermine a perfunctory argument. *See Finch*, 2019 WL 1934523, at *14. In any event, the argument is meritless, as nothing prevents the Court from fully and completely declaring the rights of Covil, the insurers, and the NC claimants under the relevant insurance policies without the SC claimants. *See* Fed. R. Civ. P. 19(a)(1)(A) (requiring joinder if, *inter alia*, "in that person's absence, the court cannot accord complete relief among the existing parties").

---

[12] There are apparently asbestos claimants against Covil in Louisiana as well, *see* Doc. 12 at ¶ 79, with presumably equal interests in participating as the SC claimants, yet Covil has not sought to join those individuals and the Court has similar questions about personal jurisdiction.

14

Covil's motions to dismiss for failure to join necessary parties will be denied.

### III.     Covil's Motions under the Declaratory Judgment Act and *Colorado River*

Covil next asserts that the Court should exercise its discretion under the Declaratory Judgment Act to decline jurisdiction and dismiss this action or stay it in favor of the later-filed lawsuit pending in South Carolina federal court.  Doc. 8 at 17–21.

Covil's contentions largely assume there are parallel federal and state cases, *see id.*; Doc. 40 at 3–10, but the United States District Court for the District of South Carolina has since assumed removal jurisdiction over the action Covil instituted in South Carolina state court and denied Covil's motion to remand.  *See* Order, *Covil Corp.*, No. 7:18-cv-03291-BHH, Doc. 67.  And the weight of authority indicates that dismissal is rarely appropriate when there are parallel federal actions.  *See, e.g.*, *Chavez v. Dole Food Co.*, 836 F.3d 205, 216–21 (3d Cir. 2016) (collecting and discussing authorities).  Indeed, even if the answers and supplemental briefing indicate that the Court should defer to the federal action in South Carolina, a stay or transfer rather than a dismissal would be appropriate because it is not "absolutely clear that dismissal cannot adversely affect any litigant's interests."  *Central States, S.E. and S.W. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000); *accord, e.g.*, *Chavez*, 836 F.3d at 216–21.

As such, Covil's motion under the Declaratory Judgment Act will be denied to the extent it seeks dismissal.  By separate order, the Court has directed Covil and the NC claimants to file answers and the parties to file supplemental briefing on Covil's motion to stay under the Declaratory Judgment Act.  *See* Doc. 66.  The Court will withhold judgment on this aspect of the motion pending consideration of these materials.

15

Covil finally maintains that the Court should abstain under the *Colorado River* doctrine in favor of the suit pending in South Carolina federal court. Doc. 8 at 21–24 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). However, *Colorado River* abstention is only appropriate when there are parallel federal and state suits; it does not allow one federal court to abstain in favor of an action pending in another federal court. *See, e.g.*, *Wakaya Perfection, L.L.C. v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1122 (10th Cir. 2018) (collecting cases); *Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980) (holding "abstention for purposes of judicial economy under *Colorado River* applies only where concurrent federal-state jurisdiction exists."). The doctrine is thus inapplicable and Covil's motion to abstain under *Colorado River* will be denied.

## IV. Conclusion

Covil has not shown that the SC claimants or the Receiver are necessary parties under Rule 19(a), and the motion to dismiss for failure to join necessary parties will be denied. Because Covil's motion to realign the parties depends upon joinder of the SC claimants and the Receiver, *see* Doc. 8 at 15–17, it is therefore moot and will be denied. Dismissal is not warranted under the Declaratory Judgment Act and abstention under the *Colorado River* doctrine is improper because the South Carolina suit was successfully removed to federal court. The alternative motion to stay under the Declaratory Judgment Act remains under consideration pending the filing of answers and supplemental briefing.

It is **ORDERED** that:

1. Covil Corporation's motion to dismiss or stay, Doc. 7, is **DENIED in part** as to the motions to dismiss and to abstain under *Colorado River*

16

and the alternative motion to stay under the Declaratory Judgment Act remains under advisement;

2. The individual defendants' motion to dismiss or stay, Doc. 14, is **DENIED in part** as to the motions to dismiss and to abstain under *Colorado River* and the alternative motion to stay under the Declaratory Judgment Act remains under advisement;

3. Covil Corporation's motion to dismiss or stay TIG Insurance Company's cross-claims, Doc. 28, is **DENIED in part** as to the motions to dismiss and to abstain under *Colorado River* and the alternative motion to stay under the Declaratory Judgment Act remains under advisement;

4. Covil Corporation's motion to dismiss or stay Sentry Casualty Company's cross-claims, Doc. 34, is **DENIED in part** as to the motions to dismiss and to abstain under *Colorado River* and the alternative motion to stay under the Declaratory Judgment Act remains under advisement;

5. Covil Corporation's motion to dismiss or stay United States Fidelity and Guaranty Company's cross-claims, Doc. 36, is **DENIED in part** as to the motions to dismiss and to abstain under *Colorado River* and the alternative motion to stay under the Declaratory Judgment Act remains under advisement.

6. The caption is **AMENDED** to reflect that Covil Corporation appears in this suit "by and through its duly-appointed receiver, Peter D. Protopapas."

This the 16th day of July, 2019.

_____
UNITED STATES DISTRICT JUDGE