IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States Fidelity and Guaranty Company, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 6:19-2980-HMH |
| vs. | ) ) | **OPINION & ORDER** |
| Southern Insulation, Inc., | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant Southern Insulation, Inc.'s ("Southern") motion to dismiss or stay this action. For the reasons set forth below, the court denies the motion to dismiss.

This declaratory judgment action stems from nine underlying lawsuits regarding asbestos-related injuries allegedly due to products sold by Southern, a dissolved corporation. (Compl. ¶¶ 9-10, ECF No. 1; Mot. to Dismiss Attach. 1 (Mem. Supp. 1), ECF No. 10-1.) Eight of the underlying lawsuits are pending in state court in South Carolina, and one of the underlying lawsuits is pending in federal court in North Carolina. (Mot. to Dismiss Attach. 1 (Mem. Supp. 1), ECF No. 10-1.)

Peter D. Protopapas ("Protopapas") was appointed as the receiver for Southern and is responsible for managing Southern's insurance assets. (Compl. ¶ 11, ECF No. 1.) Protopapas informed Plaintiff United States Fidelity and Guaranty Company ("USF&G") that it was "obligated to defend Southern in connection with the[] [underlying lawsuits] because USF&G allegedly issued at least one liability insurance policy to Southern." (Id. at ¶ 12, ECF No. 1.)

However, USF&G contends that it conducted "a reasonable search of its business records" and could not locate "a copy of any liability insurance policy issued to Southern." (Id. at ¶ 13, ECF No. 1.)

USF&G filed this action on October 18, 2019, pursuant to the Federal Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* ("DJA"), seeking "a declaratory judgment that it is not obligated to defend and/or indemnify Southern" in the underlying lawsuits. (Id. at ¶ 1, ECF No. 1; Mot. to Dismiss Attach. 4 (Compl. 1), ECF No. 10-4.) On December 13, 2019, Protopapas filed a declaratory judgment and breach of contract action in Mecklenburg County, North Carolina against USF&G, two other insurance companies, and four asbestos claimants. (Mot. to Dismiss Attach. 4 (Compl. ¶¶ 2-10), ECF No. 10-4.) In the North Carolina state court action, Southern requests, among others claims, a declaration that USF&G is obligated to defend Southern in the underlying lawsuits. (Id. at ¶¶ 28, 30, ECF No. 10-4.) Also, on December 13, 2019, Southern filed a motion to dismiss the instant matter, pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, the DJA, and the Colorado River doctrine, set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), or, in the alternative, stay the proceedings. (Mot. to Dismiss 1, ECF No. 10.) On December 27, 2019, USF&G filed a response. (Resp., ECF No. 13.) Southern filed a reply on January 3, 2020. (Reply, ECF No. 14.) This matter is now ripe for review.

Southern contends that this action should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. (Mot. to Dismiss Attach. 1 (Memo 4-5), ECF No. 10-1.) "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief."

Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

USF&G has alleged that it conducted "a reasonable search of its business records" and could not locate "a copy of any liability insurance policy issued to Southern." (Compl. ¶ 13, ECF No. 1.) Based on the record before the court at this time, the court finds that USF&G has stated a plausible claim for relief and denies the motion to dismiss under Rule 12(b)(6).

Southern also submits that USF&G's claim should be dismissed for failure to join Protopapas as a party pursuant to Rule 12(b)(7), which provides for dismissal for "failure to join

3

a party under Rule 19." (Mot. to Dismiss Attach. 1 (Memo 3), ECF No. 10-1. (citing Fed. R. Civ. P. 12(b)(7)). Further, Southern asserts that the court should abstain from exercising jurisdiction under the DJA and the Colorado River doctrine. (Mot. to Dismiss Attach. 1 (Memo 5-10), ECF No. 10-1.) After conducting a thorough review and considering Rule 19, the Nautilus factors, and the Colorado River doctrine as outlined in Chase, the court is constrained to deny the motion to dismiss on these bases. See Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994), *overruled on other grounds by* Wilton v. Seven Falls Co., 515 U.S. 277 (1995); Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457 (4th Cir. 2005). The court also declines to stay the proceeding.

It is therefore

**ORDERED** that Southern's motion to dismiss or stay, docket number 10, is denied.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
January 30, 2020