IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States Fidelity and Guaranty Company, | ) ) ) | C.A. No.: 6:19-cv-2980-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ANSWER TO COUNTERCLAIMS** |
| Southern Insulation, Inc., | ) ) ) | |
| Defendant. | ) ) | |

For its answer to Defendant Southern Insulation, Inc.'s ("Southern") Counterclaims, Plaintiff United States Fidelity and Guaranty Company ("USF&G") admits, denies and alleges as follows:

### FOR A FIRST DEFENSE

### ANSWER TO: COUNTERCLAIM I – DECLARATORY JUDGMENT

1. Paragraph 22 does not contain any allegations against USF&G, and no response is required from USF&G. To the extent a response is deemed required, USF&G lacks information or knowledge sufficient to admit or form a belief as to the truth of these allegations.

2. Paragraph 23 is denied as stated; provided, however, that USF&G admits that by the late 1970s it was aware of asbestos litigation, including against certain of its insureds.

3. Paragraph 24 is denied as stated, provided however, that USF&G admits that by the late 1970s it was aware of asbestos litigation, including against certain of its insureds.

4. Paragraph 25 is denied as stated; provided, however, that USF&G admits that it was aware of certain asbestos liabilities as of 1981 and 1982.

1

5. USF&G lacks information or knowledge sufficient to admit or form a belief as to the truth of Paragraph 26.

6. Paragraph 27 is denied as stated; provided, however, that USF&G admits that in 1983 RAND corporation published "Costs of Asbestos Litigation," which document speaks for itself.

7. Paragraph 28 is denied as stated; provided, however, that USF&G admits that it issued a circular in 1988, the contents of which speak for itself.

8. Paragraph 29 is denied as stated; provided, however, that USF&G admits that it issued a circular in 1988, the contents of which speak for itself.

9. Paragraph 30 is denied as stated; provided, however, that USF&G admits that it issued a circular in 1988, the contents of which speak for itself.

10. Paragraph 31 is denied as stated; provided, however, that USF&G admits that it issued a circular in 1988, the contents of which speak for itself.

11. Paragraph 32 is denied.

12. Paragraph 33 is denied.

13. Paragraph 34 is denied as stated; provided, however, that USF&G admits that it was aware that in the 1980s, policyholders attempted to use secondary evidence of insurance in litigation where the policy itself could not be located.

14. Paragraph 35 is denied.

15. Paragraph 36 is denied as stated; provided, however, that USF&G admits that it was aware that in the absence of any evidence of a policy, some policyholders might attempt to argue that their alleged policies had no aggregate limits.

16. Paragraph 37 is denied.

17. Paragraph 38 is denied as stated; provided, however that USF&G admits that Kenneth Ford, USF&G's former In-House Counsel-Claim Legal Division, gave deposition testimony, which speaks for itself.

18. Paragraph 39 is denied as stated; provided, however, that USF&G admits that certain USF&G personnel have given deposition testimony, which speaks for itself.

19. Paragraph 40 is denied as stated; provided, however, that USF&G admits that Receiver is in possession of two documents it contends are certificates of insurance issued to "Junious Benson Nalley & Jesse Cleveland Smith dba Southern Insulation Co.."

20. USF&G lacks information or knowledge sufficient to admit or form a belief as to the truth of Paragraph 41.

21. USF&G denies that Southern is entitled to the declaration requested in Paragraph 42 and further denies that Southern is entitled to any relief whatsoever.

## ANSWER TO: COUNTERCLAIM II – DECLARATORY JUDGMENT

22. USF&G repeats and realleges its answers to Paragraphs 22-42 of the Counterclaims, and further answers as follows:

23. In response to Paragraph 44, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

24. In response to Paragraph 45, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

25. In response to Paragraph 46, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

26. In response to Paragraph 47, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

27. In response to Paragraph 48, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

28. In response to Paragraph 49, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

29. In response to Paragraph 50, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

30. In response to Paragraph 51, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

31. In response to Paragraph 52, USF&G denies that Southern is entitled to the requested declaration and further denies that Southern is entitled to any relief whatsoever.

**FOR A SECOND DEFENSE**

Southern has failed to state a claim for which relief could be granted.

**FOR A THIRD DEFENSE**

Southern is not entitled to coverage to the extent it has failed to plead facts sufficient to establish the existence and/or all material terms of any alleged insurance policy.

**FOR A FOURTH DEFENSE**

Southern is not entitled to coverage to the extent it has failed to plead facts sufficient to establish compliance with any of the terms or conditions of any alleged insurance policy.

**FOR A FIFTH DEFENSE**

Southern's claims may be barred, in whole or in part, to the extent that Southern has failed to provide timely notice of the accident, occurrence, and/or suits for which it seeks coverage pursuant to the terms of any alleged insurance policy.

**FOR A SIXTH DEFENSE**

Southern's claims may be barred, in whole or in part, to the extent that Southern breached or failed to satisfy one or more conditions precedent for coverage pursuant to the terms of any alleged insurance policy.

**FOR A SEVENTH DEFENSE**

Southern's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

**FOR AN EIGHTH DEFENSE**

Southern's claims may be barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

**FOR A NINTH DEFENSE**

Southern's claims may be barred, in whole or in part, to the extent they are precluded by any exclusions that may be contained in any alleged insurance policy.

**FOR A TENTH DEFENSE**

Southern's claims may be barred, in whole or in part, to the extent they are precluded by any limitations that may be contained in any alleged insurance policy.

Respectfully submitted,

s/William P. Davis
William P. Davis
Fed. ID No.: 454
Baker, Ravenel & Bender, L.L.P.
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina 29202
Phone: (803) 799-9091
Fax: (803) 779-3423
wdavis@brblegal.com; 7746.2234
*Attorneys for Plaintiff*

Harry Lee
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-429-8112; hlee@steptoe.com
*Pro Hac Vice Application Forthcoming*